IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDALL W. GRAY, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3099 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON,[1] | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| Respondent. | ) | |

This matter is before the Court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Randall W. Gray. Title 28, U.S.C. § 2254, affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws . . . of the United States." *Id*. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

---

[1] The Court, sua sponte, corrects the spelling of defendant's name. The Clerk of Court shall modify the court's records accordingly.

>           and direct the clerk to notify the
>           petitioner.  If the petition is not
>           dismissed, the judge must order the
>           respondent to file an answer,
>           motion, or other response within a
>           fixed time, or to take other action
>           the judge may order.  In every
>           case, the clerk must serve a copy
>           of the petition and any order on
>           the respondent and on the attorney
>           general or other appropriate
>           officer of the state involved.

The petitioner alleges violations of his constitutional rights in connection with his conviction for felony issuance of bad checks, followed by a sentence in the District Court of Buffalo County, Nebraska, on or about March 1, 2005.  On initial review of the § 2254 petition, this Court provisionally finds that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS ORDERED:

1)  That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail;

2) That, by May 15, 2007, the respondent shall file an answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the § 2254 Rules, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

-2-

>       (b) For Defending Party.  A party
>       against whom a claim, counterclaim,
>       or cross-claim is asserted or a
>       declaratory judgment is sought may,
>       at any time, move with or without
>       supporting affidavits for a summary
>       judgment in the party's favor as to
>       all or any part thereof;

3)   That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the Court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

4)   That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with, or delivered to, the Court at the time the Designation of Relevant State Court Records is filed;

5)   That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney; and

6)   That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within thirty (30) days thereafter.

DATED this 12th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court