IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
RANDALL W. GRAY,              )
                              )
         Petitioner,          )        4:07CV3099
                              )
    v.                        )
                              )
ROBERT HOUSTON,               )        MEMORANDUM AND ORDER
                              )
         Respondent.          )
_____)
```

The petitioner, Randall W. Gray, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Filing No. 1). The respondent has filed an answer, along with the relevant state court records.

## I.  BACKGROUND

The petitioner was convicted for issuing bad checks in January of 2005, and was sentenced by the District Court of Buffalo County, Nebraska, on March 1, 2005. Petitioner was represented at trial by attorney Gary Hogg. The case was tried to the court.

The conviction and sentence were appealed. Mr. Hogg filed the appeal and initial brief on behalf of the petitioner, but then withdrew as counsel. The petitioner was thereafter represented on appeal by attorney Denise Frost. With leave of the appellate court, Ms. Frost was permitted to file a replacement brief in support of the petitioner's direct appeal. The issues raised on direct appeal included:

  Claim One:    There was insufficient evidence to convict the petitioner for issuing "bad checks" in violation of Neb. Rev. Stat. § 28-611; specifically, there was insufficient evidence that Gray received "present value" for the bad checks underlying his conviction, and insufficient evidence to show Gray knew his account lacked enough funds to cover the checks, or that he personally ordered the checks to be issued.

  Claim Two:    The trial court allowed improper rebuttal evidence; specifically, a prosecution witness was allowed to testify (1) on a matter not raised in the State's case in chief, (2) regarding documentary evidence that was inadmissible under Nebraska's Rules of Evidence, and (3) was not disclosed or supplied to Gray before the trial began.

  Claim Three:   The trial court erred in failing to grant Gray's motion for a new trial based on the issues described in Claims One and Two.

Filing No. 5-2, p, 70-71; Filing No. 5-3, pp. 27-28.

   The petitioner's judgment of conviction was affirmed by the Nebraska Court of Appeals on July 28, 2006.  The Court of Appeals' decision recited the evidence offered at trial and concluded sufficient evidence was offered to support the petitioner's conviction(Filing No. 5-4, pp. 49-50).  The Court of Appeals further held that although the state offered rebuttal evidence that exceeded the scope of its case-in-chief and the defendant's case, this evidence was discovered on the day of trial, was exculpatory in nature, and was disclosed by the state and admitted at trial to secure the defendant's right to a fair

trial (Filing No. 5-4, pp. 52-53).  The Court of Appeals held that, by failing to specifically object to the business records offered by the state on rebuttal, the defendant waived any hearsay objection to their admissibility.  As to the state's late disclosure of the rebuttal evidence, the Court found the evidence was cumulative, and even assuming it was erroneously admitted, it did not materially influence the judge's determination of guilt and was therefore harmless error (Filing No. 5-4, pp. 53-55).  "In sum, use of the document helped Gray more than it hurt him, and the district court's allowance of its use, if error, was harmless."  Filing No. 5-4, p. 56.  For the reasons previously described, the Court of Appeals denied any claim that a motion for new trial should have been granted (Filing No. 5-4, pp. 56-57).

       The petitioner's motion for further review, filed on August 25, 2006, was denied by the Nebraska Supreme Court on October 12, 2006.  The mandate of the Nebraska Supreme Court was issued on October 25, 2006.  See Filing No. 5-4, p. 15; Filing No. 5-6, p. 3.  On November 6, 2006, the petitioner filed an "appeal for ineffective counsel" by facsimile transmission to the Nebraska Court of Appeals (Filing No. 5-2, p. 48).  The petitioner alleged Mr. Hogg provided ineffective assistance by failing to request a trial continuance, and failing to raise a hearsay objection to business records offered during the state's

-3-

rebuttal (Filing No. 5-2, p. 49).  This filing does not appear on the Nebraska Justice System's Register of Actions (Filing No. 5-7 (Register of Actions)), and the Court does not know the outcome or status of this filing.  However, the Sixth Amendment claims raised in petitioner's November 6, 2006, "appeal for ineffective assistance of counsel" are not included in the federal habeas petition pending before this Court.

Gray did not file a motion for post-conviction relief in the Nebraska state courts before filing his federal habeas petition on April 11, 2007.  See Filing No. 1; Filing No. 5-7 (Register of Actions).

II.   SUMMARY OF CLAIMS

The petitioner's § 2254 petition raises five habeas claims.  His first three claims were raised (nearly verbatim) before the Nebraska Court of Appeals.  These claims were previously described as Claims One, Two, and Three and will not be repeated below.  In addition, the petitioner has raised the following habeas claims:

> Claim Four:   The state prosecutor and petitioner had prior business and personal dealings, and therefore the prosecutor had a conflict of interest and violated the petitioner's due process and equal protection rights by prosecuting the case.
>
> Claim Five:   Defendant's trial counsel was ineffective in that he refused to file a motion requiring the prosecutor to

>     withdraw from the case for the reasons set forth in Claim Four.

### III.   ANALYSIS

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and quotation marks omitted). In order to provide the state with the necessary opportunity to render a decision of the petitioner's federal claims, the "prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29.

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. A state petitioner does not "fairly present" a federal claim for state court decision if the state court must read beyond the petition or brief to surmise that a federal claim may exist. *Baldwin*, 541 U.S. at 32.

-5-

To be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement. *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005).

    A.   <u>Claims One, Two, and Three</u>.

Claims One, Two, and Three were raised before the Nebraska appellate courts. However, nearly all the arguments addressed in the state appellate briefs were based on state substantive and procedural law. "Errors of state law do not provide a basis for federal habeas corpus relief. *Stewart v. Nix*, 972 F.2d 967 (8th Cir. 1992).

The only federal claim cited before both Nebraska appellate courts was petitioner's due process claim that the state failed to timely disclose exculpatory evidence, and the petitioner was thereby unable to anticipate and prepare for the issues raised at trial. See Filing No. 5-3, pp. 23-34; Filing No. 5-4, pp. 23-27. The petitioner's state appellate briefs cited *Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Bagley*, 473 U.S. 667 (1985), and *Brady v. Maryland*, 373 U.S. 83 (1963) in support of this argument. *Brady* held that "the suppression by the prosecution of evidence favorable to an

accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Due process is violated if the prosecution fails to timely disclose favorable evidence that "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435 (explaining *Brady* and *Bagley, supra*, in the context of a habeas action).

The Court finds the petitioner is procedurally defaulted from raising any of the issues outlined in Claims One, Two, and Three save one; specifically, petitioner's alleged due process claim arising from the prosecution's late disclosure of exculpatory evidence presented at trial on rebuttal. As to all other claims raised as Claims One, Two, and Three, the petitioner failed to "fairly present" a federal claim for review on direct appeal to the Nebraska appellate courts. A motion for post-conviction relief in the Nebraska courts "cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 264 Neb. 151, 646 N.W.2d 572, 579 (Neb. 2002). The petitioner has not alleged ineffective assistance of appellate counsel, or any other cause and prejudice excusing his failure to raise his federal claims before the state appellate courts.

Except as to his claim based on an alleged *Brady* violation, the petitioner has failed to exhaust his available state remedies and is procedurally defaulted from obtaining federal habeas relief on Claims One, Two, and Three.

B. <u>Claims Four and Five.</u>

Claim Four alleges the state prosecutor had a conflict of interest based on prior business dealings with the petitioner, and Claim Five alleges the petitioner's trial counsel was ineffective for failing to raise the prosecutor's conflict of interest as a basis for requiring the prosecutor to withdraw from the case.

The factual basis for Claim Four was known by the petitioner prior to direct appeal (see Filing No. 5-5, pp. 29-30), but was not raised on appeal. The petitioner does not claim his appellate counsel was ineffective for failing to raise this claim, and he has presented no other facts explaining why the failure to raise this issue on appeal should be excused. To the extent Claim Four may raise a due process argument, Claim Four is procedurally defaulted.

The petitioner's ineffective assistance of counsel claim, Claim Five, is directed at the alleged deficient performance of his trial counsel. The petitioner was represented by different counsel on appeal, and his claim of ineffective assistance of trial counsel was not raised on direct appeal.

"Under Nebraska law, in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on post-conviction review." *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412, 447 (Neb. 2006). Accordingly, any Sixth Amendment claim of ineffective assistance of trial counsel alleged in Claim Five is procedurally defaulted.

IT IS ORDERED:

1) Upon review of the habeas corpus petition (Filing No. 1), the respondent's answer (Filing No. 4), and the state court records filed by the respondent (Filing No. 5), the Court preliminarily determines that the following claim is a potentially cognizable federal habeas claim:

> That portion of Claim Two which alleges petitioner's due process rights were violated by the prosecution's late disclosure of exculpatory evidence presented at trial on rebuttal; that is, the prosecution's alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

2) The Court determines that the remainder of Claim Two, and all of Claims One, Three, Four, and Five are not cognizable federal habeas claims, and they are dismissed.

3) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

4) By November 19, 2007, the respondent shall file a motion for summary judgment as to the potentially cognizable habeas claim identified in paragraph (1) of this order. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 19, 2007 -- respondent's deadline for filing a summary judgment motion.

5) The following procedures shall be followed by the respondent and the petitioner regarding the submission and response to the respondent's summary judgment motion:

    A.    The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. The motion shall set forth the

    documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief, at which time the respondent's summary judgment motion will be deemed submitted.

6) No discovery shall undertaken without leave of the Court. *See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.*

DATED this 29th day of October, 2007.

      BY THE COURT:

      /s/ Lyle E. Strom
      _____
      LYLE E. STROM, Senior Judge
      United States District Court