IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDALL W. GRAY, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3099 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

The state has filed a motion to reconsider the court's prior memorandum and order (Filing No. 9) on habeas review (Filing No. 10). As stated in the memorandum and order:

> [T]he Court preliminarily determines that the following claim is a potentially cognizable federal habeas claim: That portion of Claim Two which alleges petitioner's due process rights were violated by the prosecution's late disclosure of exculpatory evidence presented at trial on rebuttal; that is, the prosecution's alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

(Filing No. 9, p. 9).

The respondent's motion for reconsideration argues that any alleged *Brady* violation cannot properly be subject to habeas review. The respondent claims: (1) the *Brady* issue was not raised at trial; (2) the *Brady* issue was not raised on appeal in the Nebraska courts; and (3) the respondent is entitled to

judgment as a matter of law. For the following reasons, the respondent's motion for reconsideration should be denied.

    1.   The *Brady* Issue Was Not Raised at Trial.

As to respondent's claim that the *Brady* issue was not raised at trial, the Court notes that the state was required to file the relevant records in support of its answer, but never filed the trial court bill of exceptions. Based on the respondent's brief before the Nebraska Court of Appeals, Gray's trial counsel objected at trial to newly disclosed evidence being offered on rebuttal as beyond the scope of direct examination, and further stated "Your honor, I have not seen this document before. If they are going to use that, I should have had that in discovery." (Filing No. 5-3, p. 63). The respondent's brief further argued that Gray's late disclosure objection was not adequately raised at trial and therefore could not be reviewed on appeal. Gray's reply brief stated his trial objections plainly addressed his constitutional and statutory rights to discovery (Filing No. 5-4, p. 8).

The Nebraska Court of Appeals did not rule on whether Gray waived any objection to the prosecutor's late disclosure of exculpatory evidence. Instead, it reached the merits of the claim by holding that even if a discovery violation occurred, it was harmless error that did not poison "the fairness and integrity of the trial proceedings." (Filing No. 5-4, p. 57).

      2. Any *Brady* Claim Was Procedurally Defaulted.

The respondent argues that Gray is procedurally defaulted from raising a *Brady* claim on habeas review because this claim was never specifically raised in the Nebraska appellate courts and the petitioner failed to raise "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." (Filing No. 11, p. 3 (quoting *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005)).

The respondent's argument is not supported by the record. Gray's appellate brief before the Nebraska Court of Appeals contained the following statement of law:

> IX. In investigating and prosecuting a case, the State is obligated not just to unearth evidence to convict the accused. Its obligation extends to disclosing evidence that may tend to impeach a prosecution witness, and a duty to ascertain whether law enforcement officers know of exculpatory material that has not been disclosed, even to the prosecutor. *See e.g. Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *U.S. v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963).

(Filing No. 5-3, p. 4). The same argument was raised in the body of the appellate brief (Filing No. 5-3, p. 23). Gray further argued that his right to a fair trial was prejudiced by the prosecution's delayed disclosure:

-3-

> [T]he State forced Gray and his
> counsel to defend against a charge
> the State knew or should have known
> (had the State followed *Brady,
> Bagley* and *Kyles*) was nearly 75%
> unprovable.

(Filing No. 5-3, p. 24).  The argument was again raised in Gray's reply brief before the Nebraska Court of Appeals (Filing No. 5-4, pp. 2, 11), and in his unsuccessful petition for further review by the Nebraska Supreme Court (Filing No. 5-4, p. 25).  In *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), the United States Supreme Court stated:

> A litigant wishing to raise a
> federal issue can easily indicate
> the federal law basis for his claim
> in a state-court petition or brief,
> for example, by citing in
> conjunction with the claim the
> federal source of law on which he
> relies or a case deciding such a
> claim on federal grounds, or by
> simply labeling the claim
> "federal."

The petitioner's brief before the Nebraska appellate courts clearly met the fair presentation standard set forth in *Baldwin*.  The petitioner is not procedurally defaulted from raising his *Brady* claims for habeas review.

       3.    The Respondent Is Entitled to Judgment as a Matter of Law.

Although the respondent argues that he is entitled to judgment on the *Brady* claim as a matter of law, in accordance with the Court's prior memorandum and order, the Court will await

-4-

the respondent's fully briefed motion for summary judgment and the petitioner's response before ruling on this issue.

IT IS ORDERED that the respondent's motion for reconsideration (Filing No. 10), is denied.

DATED this 5th day of November, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court