IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
RANDALL W. GRAY,              )
                              )
          Petitioner,         )        4:07CV3099
                              )
     v.                       )
                              )
ROBERT HOUSTON,               )        MEMORANDUM OPINION
                              )
          Respondent.         )
_____)
```

This matter is before the Court on respondent's motion for summary judgment (Filing No. 15) on Randall Gray's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Filing No. 1). Having reviewed the motion, the parties' briefs and evidentiary submissions, the Court finds the motion should be granted.

**STANDARD OF REVIEW**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id*. at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id*. at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50 (citations omitted).

## BACKGROUND

On May 25, 2004, Randall Gray ("Gray") was charged in the District Court of Buffalo County, Nebraska, with issuing twenty-eight bad checks in violation of Neb. Rev. Stat.

-2-

§ 28-611.[1]  A two-day bench trial commenced on January 13, 2005. At the close of the state's case, the district court granted Gray's motion to dismiss with respect to five of the twenty-eight checks charged in the information, finding that the checks had no present value as required by § 28-611 because Gray did not receive present value at the time he issued the checks (Filing No. 18, Ex. 1).

      The state then called a rebuttal witness to present documentary evidence that, based on the court's ruling, an additional fifteen checks should be excluded for consideration as a criminal matter because there was no present value at the time Gray issued these checks (*Id.*).  Gray objected to this testimony, arguing that the state had failed to disclose the exculpatory document during discovery.  Conversely, the state claimed the document's existence and its exculpatory nature had not come to the state's attention until after the court made its ruling with respect to the five checks (*Id.*).  The court overruled Gray's

---

[1] Neb. Rev. Stat. § 28-611 states, in relevant part:

      Whoever obtains property, services, or present value of any kind by issuing or passing a check, draft, assignment of funds, or similar signed order for the payment of money, knowing that he or she has no account with the drawee at the time the check, draft, assignment of funds, or order is issued or, if he or she has an account, knowing that he or she does not have sufficient funds in or credit with the drawee for the payment of the check, draft, assignment of funds, or order in full upon presentation, commits the offense of issuing a bad check.

objection and then dismissed the charge with respect to those additional fifteen checks.

The court found Gray guilty beyond a reasonable doubt of violating § 28-611 with respect to the remaining eight checks (Filing No. 5 at 41). Because the checks were in excess of $1,500.00, Gray was convicted of a Class III felony. *See* § 28-611(1)(a). The court denied Gray's motion for a new trial, and on March 1, 2005, the court sentenced Gray to eighteen months to three years in the Nebraska State Penitentiary (*Id.* at 18).

On April 12, 2005, Gray appealed the district court's order to the Nebraska Court of Appeals (*Id.* at 1). On appeal, Gray argued the district court erred: (1)"in finding there was sufficient admissible evidence to convict Gray of a violation of Neb. Rev. Stat. § 28-611;" (2) "in allowing the State to present improper rebuttal evidence;" and (3) "in overruling Gray's motion for new trial" (*Id.* at 76-77). With respect to his improper rebuttal evidence argument, Gray claimed the district court allowed "a prosecution witness, on rebuttal, to testify regarding documentary evidence that was not disclosed or supplied to Gray before trial, and that was new matter completely separate from the State's case in chief" (*Id.* at 77). On July 28, 2006, the Appeals Court affirmed Gray's conviction. On October 12, 2006, the Nebraska Supreme Court overruled Gray's petition for further review.

On April 11, 2007, Gray filed a habeas corpus petition with this Court, raising five separate grounds for relief (Filing No. 1). The Court issued an order on October 29, 2007, finding that all of the listed grounds for relief had been procedurally defaulted except for "[t]hat portion of Claim Two which alleges [Gray]'s due process rights were violated by the prosecution's late disclosure of exculpatory evidence presented at trial on rebuttal; that is, the prosecution's alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963)" (Filing No. 9 at 9). The Court directed the respondent to file a motion for summary judgment with respect to that claim (*Id.* at 10).

## DISCUSSION

Respondent argues four alternative bases for summary judgment: (1) that the claim was procedurally defaulted by virtue of Gray's failure to specifically assign a *Brady* violation in his opening brief to the Nebraska Court of Appeals; (2) that a *Brady* violation claim was nevertheless precluded on appeal because it was not raised at the trial court level; (3) that Gray has a remedy under Nebraska's Postconviction Act, Neb. Rev. Stat. § 29-3001, due to his parole status and, therefore, his claim is subject to dismissal under 28 U.S.C. § 2254(b)(1)(A) as a mixed petition of exhausted and unexhausted claims; and (4) Gray does not have a viable *Brady* claim because the exculpatory evidence was disclosed during the trial.

Under the rule set forth in *Brady*, the government is required to disclose any evidence that is both "favorable to an accused" and is "material either to guilt or to punishment." *Brady*, 373 U.S. at 87. In the Eighth Circuit, "the rule of *Brady* is limited only to the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Gonzales*, 90 F.3d 1363, 1368 (8th Cir. 1996) (citations omitted); *see also Colbert v.* Minnesota, Civ. No. 06-4407, 2007 WL 4240738 (D. Minn. Aug. 16, 2007). "Where the prosecution delays disclosure of evidence, but the evidence is nonetheless disclosed during trial, *Brady* is not violated." *Id.* In the present case, the state presented the exculpatory information during, not after, Gray's trial; therefore, Gray does not have a viable *Brady* violation claim. Because there was no *Brady* violation, the Court need not address the respondent's remaining grounds for summary judgment. A separate order will be entered in accordance with this memorandum opinion.

DATED this 28th day of January, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court